**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CR-0120-002-CVE |
| ) | (08-CV-00117-CVE-SAJ) |
| DAVID ALLEN WESTCOTT, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant David Allen Westcott's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 751). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On November 8, 2002, a 16-count superseding indictment was returned against Westcott and nine co-defendants, charging them with various crimes related to the manufacture and distribution of methamphetamine. Dkt. # 75. Count 1 of the superseding indictment charged Westcott with conspiracy to manufacture, distribute and possess methamphetamine with the intent to distribute. Id. Counts 3 and 6 charged Westcott with possession of equipment, chemicals, and material that could be used to manufacture methamphetamine, knowing and intending and having reasonable cause to believe they would be used to manufacture methamphetamine. Id.

On March 31, 2003, Westcott filed a motion to sever under Federal Rule of Criminal Procedure 14. Dkt. # 204. That motion was denied by written order on April 17, 2003. Dkt. # 224. On July 30, 2003, four days before trial, Westcott filed a motion to dismiss based on an alleged violation of his right to a jury made up of a fair cross-section of the community. Dkt. # 371. That motion was also denied. Dkt. # 372. Westcott went to trial on August 4, 2003, and on August 22, 2003, was found guilty as to Counts 1, 3, and 6. Dkt. # 391.

Westcott was sentenced on January 28, 2004. Dkt. # 539. The Court filed a summary of drug quantity testimony from trial. Dkt. # 528. On that basis, the Court found that Westcott was responsible for 1.927 kilograms of actual methamphetamine, resulting in a base level offense of 38. Dkt. # 531, at 9. The Court stated that the quantity used was a "very conservative" estimate and Westcott was actually responsible for 8.845 kilograms of methamphetamine. Id. Westcott was sentenced to 360 months imprisonment. Dkt. # 550.

Westcott appealed his conviction, challenging the denial of his severance motion and the make-up of the jury pool in the Northern District of Oklahoma. The Tenth Circuit affirmed Westcott's conviction on May 3, 2005, but remanded for resentencing in light of the intervening Supreme Court ruling in United States v. Booker, 540 U.S. 220 (2005). See United States v. Windrix, 405 F. 3d 1146, 1155-59 (10th Cir. 2005).

Westcott was resentenced on January 4, 2006 to a term of 292 months imprisonment. Dkt. # 643. He filed a timely appeal of that sentence. Dkt. # 653. The Tenth Circuit denied Westcott's

appeal on January 26, 2007, and his conviction became final ninety days thereafter.[1]  Dkt. # 740. Westcott filed his motion to vacate, set aside, or correct sentence pursuant to § 2255 on February 29, 2008.  Therefore, Westcott's motion was filed within the one year statute of limitations provided by § 2255, and his motion is timely.

**II.**

Westcott's § 2255 motion alleges four claims of ineffective assistance of counsel: (1) he was denied effective assistance of appellate counsel because the attorney to whom he paid a retainer failed to file a petition for a writ of certiorari and instead delegated the drafting of the petition to a non-attorney; (2) the attorney hired "neither briefed or filed such petition, and did not disclose the resulting conflict of interest;" (3) trial counsel failed to make a timely objection to the make-up of the jury pool; and (4) trial counsel failed to file an interlocutory appeal of the Court's denial of his severance motion.  Dkt. # 751, at 5.  The government has responded to each claim and asserts that defendant's counsel was not ineffective at any stage of this case.

To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland test applies to appellate as well as trial counsel).  A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  "When a

---

[1] Westcott implies that he filed a petition for a writ of certiorari, which was denied by the Supreme Court on June 25, 2007.  Dkt. # 740.  However, the citation provided by defendant, "Westcott v. United States, 127 S. Ct. 3021" is actually the denial of the petition for a writ of certiorari filed by Westcott's co-defendant, Morgan Windrix.  The correction citation is Windrix v. United States, 127 S. Ct. 3021 (2007). The petition does not appear to have been filed on Westcott's behalf.

3

convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689. To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). A court deciding an ineffectiveness claim "need not determine whether counsel's performance was delinquent before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

**A.     Ineffective Assistance of Certiorari Counsel**

Defendant alleges in claims 1 and 2 that he hired attorney Jeff Martin to file a petition for a writ of certiorari with the United States Supreme Court, and that Martin failed to do so, despite being paid.[2] Despite Westcott's claim, appellate counsel's failure to request discretionary review from the Supreme Court is insufficient to support an ineffective assistance of counsel claim. The right to counsel extends to a defendant's first appeal and the Sixth Amendment provides a defendant the right to effective assistance of counsel during this initial appeal. Douglas v. California, 372 U.S. 353, 357-58 (1963). However, there is no constitutional right to pursue a petition for a writ of certiorari; review by the Supreme Court is discretionary. See Ross v. Moffitt, 417 U.S. 600, 617 (1974). Further, the Due Process Clause of the Fourteenth Amendment does not guarantee a right

---

[2]     The government asserts that Martin denies that he was Westcott's certiorari counsel. Dkt. # 764. However, it is irrelevant for the purposes of this motion whether or not Martin was Westcott's attorney and was obligated to file a petition for a writ of certiorari on Westcott's behalf.

4

to counsel for a litigant seeking a writ of certiorari from the Supreme Court and a "litigant . . . without a constitutional right to counsel cannot 'be deprived of the effective assistance of counsel.'" Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008). See also Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . .").

Although Westcott claims that he was denied effective assistance of appellate counsel by Martin's failure to file his petition for a writ of certiorari, there is no constitutional right to counsel on a discretionary appeal. Accordingly, the Court finds that there was no ineffective assistance of appellate counsel.

### B. Ineffective Assistance of Trial Counsel

Westcott alleges that trial counsel, Art Fleak, was ineffective for failing to make a timely objection to the make-up of the jury pool (claim 3),[3] and for failing to file an interlocutory appeal of the Court's denial of Westcott's motion to sever (claim 4).

#### 1. Failure to File a Timely Objection to the Make Up of the Jury Pool

Westcott argues that Fleak was ineffective because he failed to file a timely objection to the make-up of the jury pool. While generally an attorney's performance will not be deemed deficient for failure to raise a meritless argument, see United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995), here, counsel raised the jury pool argument, but was untimely in doing so. The Federal Jury Selection and Service Act of 1968 provides that a defendant may move to dismiss the indictment against him within seven days of discovering that the method of selecting jurors violates his right

---

[3] Westcott raised this argument on direct appeal, but the issue was not decided on the merits. See Windrix, 405 F. 3d at 1157. Rather, the Tenth Circuit agreed with this Court's assessment that the objection to the make-up of the jury pool was time-barred. Id. Westcott raises the issue here on the ground that trial counsel was allegedly ineffective because he failed to raise the objection to the jury pool in a timely manner.

5

to a jury comprised of a fair cross-section of the community. See 28 U.S.C. § 1867(a). Fleak raised an objection to the composition of the jury pool in this District after the objection was already time-barred. However, the Court declines to decide whether Fleak performed deficiently by failing to raise a timely objection; even if his performance were deficient, no actual prejudice would have resulted because it is clear that Westcott's objection would not have succeeded.

The Sixth Amendment provides that a defendant has the right to a jury selected from a representative cross-section of the community. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). To establish a violation of the "fair cross-section" requirement, the defendant must show that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in the pool of potential jurors is not fair and reasonable in relation to the number of such persons in the community; and (3) this under representation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979). Factors for determining whether a group is "distinctive" include whether (1) the group is defined by a limiting quality, such as race or sex; (2) the group has a "common thread" or basic similarity in attitude, idea, or experience; and (3) there exists a "community of interests among members of the group such that the group's interest cannot be adequately represented if the group is excluded from the jury selection process." United States v. Green, 435 F. 3d 1265, 1271 (10th Cir. 2006) (citations omitted). Groups that have been considered distinct for jury selection purposes include Asians, Blacks, and Hispanics, see United States v. Shinault, 147 F. 3d 1266, 1272 (10th Cir. 1998), and Native Americans, see United States v. Yazzie, 660 F. 2d 422, 426 (10th Cir. 1981). However, groups defined by age or education are not considered distinct. See United States v. Fletcher, 965 F. 2d 781, 782 (9th Cir. 1992) (college students not a distinct group); Silagy v. Peters, 905 F. 2d 986 (7th Cir. 1990) (persons

over 70 not a distinct group); Ford v. Seabold, 841 F. 2d 677, 682 (6th Cir. 1988) (younger persons not a distinct group).

The jury pool in this District is divided into two parts: for Tulsa County only, one-half of the jury pool is comprised of licensed drivers and the other half is comprised of registered voters; the jury pool from the other counties in this District is made up of registered voters only. N.D. LCvR 47.1(e), as adopted in N.D. LCR 1.2. Westcott argues that the jury pool did not fairly represent a cross-section of the community because potential jurors from the rural counties in the District who do not vote, but are licensed drivers, were excluded. Westcott alleges that the exclusion of these individuals violates his Sixth Amendment rights because this group is inclined to be anti-government and would have been sympathetic to the defense. The Tenth Circuit in Green concluded, however, that non-voting, rural drivers are not a distinct group for the purposes of jury selection. Id. at 1271-72. Accordingly, no actual prejudice could have resulted from trial counsel's failure to file a timely objection because the argument would have been rejected. Thus, Westcott was not denied effective assistance of counsel on this ground.

**2.      Failure to File an Interlocutory Appeal of the Denial of the Severance Motion**

Westcott claims that he was denied effective assistance of counsel because Fleak did not seek an interlocutory appeal of this Court's denial of his motion to sever. Pursuant to 28 U.S.C. § 1291, courts of appeals have jurisdiction over final decisions of the district courts. See United States v. Dickstein, 971 F.2d 446, 447 (10th Cir. 1992) ("As a general rule, only final decisions of the district courts are appealable). A final decision is one that "ends the litigation on the merits, leaving nothing to decide." United States v. Romero, 511 F.3d 1281, 1283 (10th Cir. 2008) (citations omitted). In a criminal case, final judgment is the imposition of a sentence. See Parr v. United States, 351 U.S. 513, 518 (1956).

The Supreme Court, however, articulated an exception to the final judgment rule – the collateral order doctrine. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). The collateral order doctrine permits appellate review of a "small class" of district court orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id. See also Flanagan v. United States, 465 U.S. 259, 265 (1984) (departure from the final judgment rule is permitted "only when observance of [the rule] would practically defeat the right to any review at all") (citations omitted). A district court order may be deemed a "final decision" if it "(1) conclusively determine[s] a disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) [is] effectively unreviewable on appeal from a final judgment." Romero, 511 F.3d at 1283 (citation omitted). The requirements of the collateral order doctrine are strictly interpreted in criminal cases. Flanagan, 465 U.S. at 265; see also D & H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1445 (10th Cir. 1984) (en banc) (the exception is applied narrowly in criminal cases). The Supreme Court has recognized three types of pretrial orders in criminal cases that meet the stringent requirements of the collateral order doctrine. Id. (citing Helstoski v. Meanor, 442 U.S. 500 (1979) (order denying motion to dismiss for violation of the Speech and Debate clause may be reviewed on interlocutory appeal); Abney v. United States, 431 U.S. 651 (1977) (denial of motion to dismiss for violation of the Double Jeopardy clause may be reviewed immediately); Stack v. Boyle, 342 U.S. 1 (1950) (denial of motion for reduction of bail immediately reviewable)).

The Tenth Circuit has consistently held that interlocutory review is generally unavailable in the majority of criminal cases. See United States v. Quaintance, 523 F. 3d 1144, 1145-46 (10th Cir. 2008) (denial of motion to dismiss did not fall within the collateral order doctrine); United States

v. Chisum, 156 Fed. Appx. 75 (10th Cir. 2005) (no jurisdiction to review interlocutory appeal of order denying pretrial motion to dismiss); United States v. Carrigan, 778 F. 2d 1454, 1464-65 (10th Cir. 1985) (recognizing that the Supreme Court has refused to extend the right to an immediate appeal of a motion to dismiss on grounds other than double jeopardy). While the Tenth Circuit has not specifically ruled on whether an order denying a motion to sever may be reviewed on an interlocutory appeal, other circuits have held that such orders are not immediately appealable. See United States v. DeCologero, 364 F. 3d 12, 21 (1st Cir. 2004) (holding that an order severing counts of an indictment is generally not immediately appealable and declining to address issues raised on interlocutory appeal other than double jeopardy); United States v. Bloom, 149 F. 3d 649, 657 (7th Cir. 1998) (government's appeal of district court's order severing counts of the indictment not immediately appealable); United States v. Garber, 413 F.2d 284, 285 (2d Cir. 1969) (denial of a motion to sever is not appealable before trial).[4]

Here, this Court's order denying Westcott's motion to sever was not a final decision within the meaning of 28 U.S.C. § 1291. A motion to sever is not one of the three types of pretrial motions deemed immediately reviewable. Moreover, in applying the factors used to determine whether an order falls within the collateral order exception, it is clear that an attempt to raise an interlocutory appeal would have failed. While the denial of Westcott's severance motion did conclusively answer the disputed question, the issue was not completely separate from the merits of the case. A decision on a motion to sever is "a step toward final disposition of the merits" and is "merged in [the] final

---

[4]   The Second Circuit in Garber noted that a denial of a severance motion might be reviewable by writ of mandamus. Garber, 413 F. 2d at 285. However, the Second Circuit had earlier held that a defendant may not use a writ of mandamus to seek review of an order denying a motion to sever. See Application of Edwards, 375 F. 2d 108 (2d Cir. 1967) (stating that Courts of Appeals are "not intended to guide the conduct of the trial judge in the exercise of his judgment before or during the trial . . .[i]f there be error, the party allegedly aggrieved has the opportunity to show prejudicial error on appeal from any judgment entered against him.").

judgment." Cohen, 337 U.S. at 546.  Finally, Westcott's motion to sever did not involve an important right which would otherwise have been irreparably lost; Westcott was able to challenge the denial of his motion to sever on direct appeal from a judgment of conviction.  See United States v. Windrix, 405 F. 3d 1146, 1155 (10th Cir. 2005) (rejecting Westcott's argument that this Court abused its discretion by denying his motion to sever and affirming his conviction).  Accordingly, Fleak did not perform deficiently by failing to file an interlocutory appeal of this Court's order denying Westcott's motion to sever.

Further, in light of the Tenth Circuit's rejection of Westcott's argument on direct appeal,[5] Westcott cannot demonstrate that he suffered prejudice by Fleak's failure to pursue an interlocutory appeal on the same basis.  Even if the Tenth Circuit would have considered Westcott's claim on interlocutory appeal, the outcome would have been the same.  Thus, Westcott's claim of ineffective assistance of counsel on this ground lacks merit.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 751) is **denied**.  A separate judgment is entered herewith.

**DATED** this 14th day of November, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Westcott raised the denial of the motion to sever on direct appeal, which was rejected by the Tenth Circuit.  See Windrix, 405 F. 3d at 1155.  Thus, he is precluded from raising the same argument in a § 2255 motion.  United States v. Chiquito, 526 F. 3d 1310, 1311 (10th Cir. 2008) (claims raised on direct appeal could not be raised in a § 2255 motion); United States v. Warner, 23 F. 3d 287, 291 (10th Cir. 1994) (district court may not consider claims in a § 2255 motion that were raised and disposed of on direct appeal); United States v. Prichard, 875 F. 2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").